defendant's vehicle in *Larson* was also found on the "wrong" side of the street from which it was travelling, in that case only one vehicle was involved in the accident. In the present case, both vehicles were found on the "wrong" side of the street. In *Turner*, there was evidence that the vehicle involved in the accident veered on and off the road, skidded, struck guard rails, travelled in the air, and was driven at an excessive rate of speed prior to the collision.

■■ The third count of the complaint seeks recovery on the basis of the family expense statute and, accordingly, is bottomed on the negligence count. Since we are reversing the trial court's ruling directing a verdict on the negligence count and remanding it for a new trial, the third count may also be reinstated.

For the reasons stated, the judgment of the circuit court of Cook County in directing a verdict on count two, the wilful and wanton count, is affirmed. The judgment of the court in directing a verdict for defendants on counts one and three of the complaint is reversed and remanded for a new trial.

Affirmed in part; reversed in part and remanded.

DEMPSEY and MEJDA, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN R. LEGG (Impleaded), Defendant-Appellant.

(No. 59352;

First District (3rd Division)—November 7, 1974.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart and Ira Churgin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Ricky L. Petrone, Assistant State's Attorneys, of counsel), for the People.